## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| GLENDALYN CAOLE CAROLINO, | ) | Case No. CV0206-16 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| RUBY-LYN TIMBANG FERIL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 18, 2017 upon Plaintiff Glendalyn Caole Carolino's ("Plaintiff") Motion to Enlarge Time/Alternative Motion to Deem Admission ("Motion to Enlarge Time"). Attorney Vanessa L. Williams represents Plaintiff and Attorney Cynthia V. Ecube represents Defendant Ruby-Lyn Timbang Feril ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and DENIES Plaintiff's Motion to Enlarge Time.

## BACKGROUND

Plaintiff filed her Verified Complaint ("Complaint") on March 11, 2016 seeking relief from Defendant based on the following claims: 1) alienation of affections; 2) negligent interference with prospective advantage; 3) negligent infliction of emotional distress; 4) conversion; and 5) prima facie tort. The causes of action arise from an alleged affair between Plaintiff's husband, Mr. Ronald Carolina ("Mr. Carolino"), and Defendant that purportedly

**ORIGINAL**

resulted in damages to Plaintiff's marital and business relationships. On March 15, 2016, Plaintiff amended her Complaint. Defendant filed her Answer to Plaintiff's First Amended Complaint on April 12, 2016.

On August 31, 2016, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure ("GRCP"). In a Decision and Order issued on February 8, 2017, the Court dismissed Plaintiff's claims for alienation of affections and negligent interference with prospective advantage. (Decision and Order at 4, Feb. 8, 2017.) For the remaining claims of negligent infliction of emotional distress, conversion, and prima facie tort, the Court determined that dismissal was not appropriate as Defendant had alleged sufficient facts to withstand a motion to dismiss. (<u>Id.</u>) Thereafter, the Court approved a Second Amended Scheduling Order and Discovery Plan ("Second Amended Scheduling Order") therein (1) requiring discovery to be completed by September 1, 2017 and (2) setting a discovery motion deadline of September 15, 2017.

On October 20, 2017, Plaintiff filed her Motion to Enlarge Time. Defendant filed an opposition to the motion on November 17, 2017, which Plaintiff replied to on December 1, 2017. The Court heard oral arguments on the motion on December 18, 2017 and subsequently took the matter under advisement.

## DISCUSSION

The enlargement of time for filing briefings and papers after the period set in a scheduling order is governed by Rule 6(b) of the Guam Rules of Civil Procedure ("GRCP"). GRCP 6(b) provides as follows:

> [w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect*[.]

Guam R. Civ. P. 6(b) (emphasis added). Additionally, Local Rule 7.1(f) of the Superior Court of Guam requires that leave of court be requested in order for the Court to consider untimely filed

documents. Super Ct. Guam R. 7.1(f) ("[p]apers not timely filed by a party including any memoranda or other papers required to be filed . . . shall not be considered without leave of court").

In determining whether a party's failure to timely file papers was the result of excusable neglect, the United States Supreme Court (" U.S. Supreme Court") – within the context of Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP") – adopted the following factors for a court to consider: (1) the danger of prejudice to the moving party; (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993) (defining the term "excusable neglect" under FRCP 60(b)). Although the Guam Supreme Court has not yet adopted the preceding test with respect to GRCP 6(b), they have acknowledged that the interpretation of "excusable neglect" as articulated in <u>Pioneer</u> is persuasive and applicable in other contexts. <u>People v. Callahan</u>, 2015 Guam 23 ¶¶ 32-34 (adopting the <u>Pioneer</u> test for determining excusable neglect under Rule 4(b)(4) of the Guam Rules of Appellate Procedure). Furthermore, the Ninth Circuit has held that U.S. Supreme Court's analysis in <u>Pioneer</u> applies to FRCP 6(b), which GRCP was derived from. <u>Comm. for Idaho's High Desert, Inc. v. Yost</u>, 92 F. 3d 814, 825 n.4 (9th Cir. 1996).

As the language in <u>Pioneer</u> and <u>Yost</u> are instructive and persuasive with respect to determining excusable neglect under GRCP 6(b), the Court will apply the four factor articulated therein. Therefore, the factors for this Court to consider for Plaintiff's Motion to Enlarge Time pursuant to GRCP 6(b) are as follows: (1) the danger of prejudice to the moving party; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith.

**_Danger of Prejudice to the Moving Party_**

Plaintiff filed the underlying motion in order to purportedly obtain certain materials that were objected to by Defendant during discovery. Plaintiff, however, has not sufficiently

identified how she would be prejudiced as she has not informed the Court what documents are necessary for an extension of discovery pursuant to CVR 16.5 of the Local Rules of the Superior Court of Guam. See Super Ct. Guam R. 16.5 ("The date for completion of discovery will be extended only if the remaining discovery is specifically described and scheduled..."). CVR 16.5 requires a party requesting to extend a deadline in a scheduling order to demonstrate a specific need for the requested extension and to specifically describe what items are outstanding. Plaintiff has not done so and thus the Court cannot determine what prejudice she would suffer, if any.

*Length of the Delay and Impact on Judicial Proceedings*

The Motion to Enlarge Time was filed thirty-five (35) days after the deadline imposed in the Second Amended Scheduling Order for discovery motions, which was September 15, 2017, and fifty (50) days after discovery was to be completed. This time period is significant and Plaintiff does not explain why it took her so long after the deadline to file the current motion. Furthermore, extended discovery would have a significant impact on judicial proceedings as (1) Defendant has already filed dispositive motions, (2) the matter was initially scheduled for trial on December 19, 2017, and (3) the scheduling order and discovery plan was amended on two prior occasions to extend discovery.

*Reason for the Delay*

In her motion, Plaintiff states that "good cause and excusable neglect exist to enlarge the time for the parties to conduct discovery." (Mot. to Enlarge Time at 3, Oct. 20, 2017.) Although Plaintiff does not clearly state any basis to support this statement, she does allude to her ongoing treatment for emotional distress and that "Defendant has failed to produce the requested discovery, effectively preventing the Plaintiff from preparing her case." (Id.) These reasons, however, are insufficient to establish excusable neglect. Plaintiff was well aware of the discovery deadlines in this matter and could have either requested for leave prior to the deadline or conferred with Defendant about whatever treatment Plaintiff was going thru that required a possible extension of discovery. Furthermore, the Court set a discovery motion deadline in order to provide the parties with an avenue for relief in the event a party fails to produce requested

discovery within the timeframe established. This reason, therefore, cannot be the sole basis for Plaintiff's failure to meet the discovery motion deadline in the Second Amended Scheduling Order.

*Good Faith*

The Court is unaware of any evidence which demonstrates that Plaintiff did not act in good faith in bringing forth the Motion to Enlarge Time. The record, however, suggests that Plaintiff has not actively engaged in meaningful discovery during the period after the Court issued its decision on a previously filed motion to dismiss and approved the Second Amended Scheduling Order. This is demonstrated in Plaintiff's counsel's declaration which states that the discovery materials at issue relate to documents or objections to production of certain documents that occurred when initial discovery was ongoing in late 2016. (Decl. of Counsel at ¶¶ 4-7, Oct. 20, 2017.) To the Court's knowledge, Plaintiff has made not made any significant attempts to resolve these specific disputes within the discovery timeframe provided in the Second Amended Scheduling Order.

Based on an analysis of the factors above, the Court does not believe Plaintiff's failure to timely file her Motion to Enlarge Time was the result of excusable neglect.

CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Enlarge Time.[1] A status hearing is scheduled for April 9, 2018 at 2:00 p.m. at which time the Court will entertain new dates for trial.

**IT IS SO ORDERED** on this 19th day of March, 2018.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

---

[1] Plaintiff has not alleged any facts or provided legal arguments in support of her Alternative Motion to Deem Admission. As the Court cannot discern the basis for the alternative motion, the motion is denied.